

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 3, 2026**

_____

**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PRIMALEND CAPITAL PARTNERS, LP, *et al.*,[1] | Case No. 25-90013 (MXM) |
| Debtors. | (Jointly Administered) |
| PRIME ASSET, LLC | Adv. Pro. No. 26-09001 (MXM) |
| Plaintiff, | |
| v. | |
| PRIMALEND CAPITAL PARTNERS, LP et al. | |
| Defendants. | |

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: PrimaLend Capital Partners, LP (0313); Good Floor Loans LLC (8219); LNCMJ Management, LLC (1374); and PCAP Holdings, LP (8774). The location of the Debtors' headquarters is 3460 Lotus Drive, Suite 100, Plano, TX 75075.

**STIPULATION AND AGREED ORDER REGARDING THE DEBTOR DEFENDANTS'
EMERGENCY MOTION TO ABATE ADVERSARY PROCEEDING UNTIL AFTER
CONFIRMATION HEARING, OR IN THE ALTERNATIVE, MOTION FOR RELIEF
FROM ORDER REGARDING ADVERSARY PROCEEDINGS TRIAL SETTING AND
ALTERNATIVE SCHEDULING ORDER**

PrimaLend Capital Partners, LP ("PCP"), Good Floor Loans LLC ("GFL"), LNCMJ Management, LLC ("LNCMJ"), PCAP Holdings, LP ("PCAP" and, together with PCP, GFL, and LNCMJ, the "Debtor Defendants"), Mark Jensen (together with the Debtor Defendants, the "Defendants"), and Prime Asset LLC ("Plaintiff" and, together with the Defendants, the "Parties") hereby enter into this stipulation and agreed order (this "Stipulation and Agreed Order") as follows:

WHEREAS, on October 22, 2025, Defendants PCP, GFL, and LNCMJ filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Court");

WHEREAS, on December 12, 2025, Defendant PCAP filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court;

WHEREAS, on January 5, 2026, the Court entered an order (a) conditionally approving the *Amended Disclosure Statement in Support of Amended Joint Chapter 11 Plan of Reorganization of PrimaLend Capital Partners, LP et al* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code, (b) approving the solicitation procedures for the Debtor Defendants to solicit votes to accept or reject the *Amended Joint Chapter 11 Plan of Reorganization of PrimaLend Capital Partners, LP et al* (as modified, amended, or supplemented from time to time, the "Plan") in accordance with such procedures, and (c) scheduling a combined hearing for February 20, 2026 at which the Court will

consider, among other things, final approval of the Disclosure Statement and confirmation of the Plan;

WHEREAS, on January 7, 2026, Plaintiff initiated the above-captioned adversary proceeding (the "Adversary Proceeding") by filing a complaint asserting certain claims and causes of action against the Defendants;

WHEREAS, on January 8, 2026, the Court issued a summons in the Adversary Proceeding (the "Summons") requiring the Defendants to file responsive pleadings by February 9, 2026 in accordance with rule 7012(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

WHEREAS, on January 8, 2026, the Court entered the *Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order* [Docket No. 3] (the "Initial Scheduling Order"), which, *inter alia*, requires the Parties to conduct a conference pursuant to Bankruptcy Rule 7026(f) (a "Rule 26(f) Conference") within 30 days of service of the Summons unless otherwise ordered by the Court;

WHEREAS, on January 9, 2026, Plaintiff served the Summons on the Defendants, thereby establishing February 9, 2026 as the deadline for the Parties to hold a Rule 26(f) Conference";

WHEREAS, on January 23, 2026, the Debtor Defendants filed the *Debtor Defendants' Emergency Motion to Abate Adversary Proceeding Until After Confirmation Hearing, or in the Alternative, Motion for Relief from Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order* [Docket No. 11] (the "Abatement Motion") requesting that the Court "enter an order abating this case until a date after the confirmation of the Plan or in the alternative, extend the deadline for the Federal Bankruptcy Rule 7026(f) conference until ten (10) business days following the date all Defendants have filed their answer and all related relief"; and

3

WHEREAS, the Parties have agreed to stipulate in good faith to the abatement of the Adversary Proceeding in accordance with the terms hereof.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND AMONG THE PARTIES, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, THE FOLLOWING IS SO ORDERED:**

1. The Adversary Proceeding is hereby abated until the earlier of (a) the effective date of the Plan and (b) the Court's denial of confirmation of the Plan (the "Abatement Period").

2. Within ten days following the conclusion of the Abatement Period (or prior to such other date to which the parties agree in writing), the Parties shall conduct a Rule 26(f) Conference to (a) consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the Adversary Proceeding, (b) make or arrange for the disclosures required by Bankruptcy Rule 7026(a)(1), (c) develop a proposed discovery plan, and (d) submit a proposed scheduling order to the Court for approval.

3. Pursuant to Bankruptcy Rule 7012(a)(1), and subject to Bankruptcy Rule 7012(a)(6), in the event that the Defendants file a timely motion under Bankruptcy Rule 7012, the Defendants shall file their respective responsive pleadings within 30 days following the conclusion of the Abatement Period.

4. The Parties' deadline, pursuant to Part II Section 3 of the Initial Scheduling Order, to either (a) submit a proposed scheduling order, (b) waive submission of a proposed scheduling order and elect to proceed under the Alternative Scheduling Order set forth in Part III of the Initial Scheduling Order, or (c) schedule a status conference with the Court to discuss the provisions and deadlines of a scheduling order is hereby extended to 45 days following the conclusion of the Abatement Period.

5. With the exception of any motion seeking emergency relief, the deadline for any Party to respond to any motion or application filed in connection with the Adversary Proceeding during the Abatement Period shall be tolled during the Abatement Period. All other deadlines in the Adversary Proceeding, including all deadlines under the Bankruptcy Code, the Bankruptcy Rules, the Federal Rules Civil Procedure, and the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas, shall be tolled during the Abatement Period.

6. During the Abatement Period and unless ordered otherwise by the Court, all Parties shall preserve all books, records, documents, witnesses, and other potentially discoverable materials (collectively, "Discoverable Information"). Upon the expiry of the Abatement Period, (a) all Discoverable Information shall remain subject to discovery subject to the limitations of the Federal Rules of Bankruptcy Procedure and any further orders of the Court pertaining to discovery and (b) the Parties shall continue to preserve the Discoverable Information (subject to the terms of the consummated Plan with regard to the Debtor Defendants).

7. During the Abatement Period, absent Plaintiff's consent, no Defendant shall take any action against Plaintiff under (a) that certain Loan and Security Agreement between Plaintiff and PCP, dated February 28, 2019, as amended from time to time (the "RLOC Agreement") or (b) that certain Loan and Security Agreement between Plaintiff and PCP, dated November 27, 2019, as amended from time to time (the "Subdebt Agreement"), including any remedial action to which a Defendant may be entitled under Section 14 of the RLOC Agreement, Section 14 of the Subdebt Agreement, the Uniform Commercial Code, or any other applicable non-bankruptcy law, regardless of whether a Defendant previously provided notice of its intention to pursue such action or remedy. Following the conclusion of the Abatement Period, each Defendant may pursue any

remedial action to which it may be entitled under the Bankruptcy Code or applicable non-bankruptcy law.

8. This Stipulation and Agreed Order fully resolves the Abatement Motion. Any relief requested by the Abatement Motion, other than that provided for in this Stipulation and Agreed Order, is denied without prejudice.

9. The Debtor Defendants shall negotiate with Plaintiff in good faith in an attempt to reach an agreement on a provision in any order confirming the Plan that preserves all of Plaintiff's rights and remedies arising at law, in equity, by contract, or otherwise relating to, among other things, the RLOC Agreement and Subdebt Agreement (notwithstanding the closing of the sales transactions contemplated by the Plan), including, among others, rights of setoff, recoupment, recission, offset, defenses, or counterclaims.

10. The Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

*/s/ Jason P. Kathman*
**SPENCER FANE LLP**
Jason P. Kathman (TX Bar No. 24070036)
Laurie N. Patton (TX Bar No. 24078158)
Alex Anderson (TX Bar No. 24138084)
5700 Granite Parkway, Suite 650
Plano, Texas 75204
Telephone: (972) 324-0300
Email: jkathman@spencerfane.com
Email: lpatton@spencerfane.com
Email: alanderson@spencerfane.com

-and-

Zachary R.G. Fairlie (admitted *pro hac vice*)
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Telephone: (816) 474-8100
Email: zfairlie@spencerfane.com

*Counsel to PrimaLend Capital Partners, LP, Good Floor Loans LLC, LNCMJ Management, LLC, and PCAP Holdings, LP, Debtor Defendants*

*/s/ Steven Szanzer*
**MCDERMOTT WILL & SCHULTE LLP**
Marcus A. Helt (TX Bar No. 24052187)
Charles R. Gibbs (TX Bar No. 7846300)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Email: mhelt@mwe.com
Email: crgibbs@mwe.com

-and-

Julia Beskin (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2218
Email: julia.beskin@srz.com

-and-

Steven Szanzer (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York, 10017
Telephone: (212) 547-5887
Email: sszanzer@mwe.com

*Counsel to Prime Asset LLC, Plaintiff*

*/s/ John J. Kane*
**KANE RUSSEL COLEMAN LOGAN PC**
John J. Kane (TX Bar No. 24066794)
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4261
Email: jkane@krcl.com

*Counsel to Mark Jensen, Defendant*